**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CODY R. ROBERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Case No. 6:24-cv-325-JDK-KNM |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cody R. Roberson filed this appeal of a final decision of the Social Security Administration Commissioner. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. On February 23, 2026, Judge Mitchell issued a Report and Recommendation recommending that the Court affirm the Commissioner's final decision and dismiss this Social Security appeal with prejudice. Docket No. 15. Plaintiff filed written objections. Docket No. 18.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

1

Plaintiff's objections concern the ALJ's residual functional capacity ("RFC") assessment. *See* Docket No. 18. Specifically, Plaintiff asserts that the Report fails to address whether the ALJ sufficiently explained how the evidence supports the specific RFC limitations assessed, improperly applies a "middle ground" rationale, and does not adequately consider the combined effects of his impairments. *Id.* The Court's judicial review of the ALJ's decision "is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). On review, the Court "does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

The RFC assessment is a finding concerning the most that a claimant can do in a work setting despite his limitations. 20 C.F.R. § 404.1545(a)(1). The assessment is the sole responsibility of the ALJ. *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012). It is not a medical opinion, and it is drawn from the ALJ's consideration of the medical evidence and the medical opinions, as well as the claimant's statements and testimony, activities of daily living, frequency and intensity of pain, and medication effects. *Joseph-Jack v. Barnhart*, 80 Fed. Appx. 317, 318 (5th Cir. 2003); 20 C.F.R. § 404.1529.

Plaintiff asserts that the ALJ erred because he rejected certain medical

2

opinions describing Plaintiff's functional limitations, "leaving the RFC to be derived from the ALJ's interpretation of the remaining medical evidence." Docket No. 18 at 4. But there is no requirement for the ALJ to adopt a specific physician's assessment. *Miller v. Kijakazi*, 2023 WL 234773, at 4 (5th Cir. 2023); *see also Myers v. Saul*, 2021 WL 4025993, at 8 (W.D. Tex. Sept. 3, 2021). As stated above, the ALJ considers a number of factors and exercises his responsibility to interpret the medical evidence. *See* 20 C.F.R. § 404.1520c(c) (enumerating the factors). The objections do not show fault in the ALJ's analysis of the medical opinions. The ALJ provided detailed explanations for the reasoning behind his consideration of the medical opinions. Docket No. 7-3 at 28–31. Similarly, the ALJ provided a detailed explanation for his assessment of Plaintiff's mental impairments, addressing the objective medical evidence together with Plaintiff's subjective symptoms. Docket No. 7-3 at 29–30.

Additionally, Plaintiff submits that the ALJ failed to explain the evidence showing that he can work on a regular and continuing basis. Docket No. 18 at 3. The ALJ's RFC determination is an assessment of his capacity to perform work on a regular and continuing basis. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (per curiam). A specific finding that the claimant can perform work on a regular basis is not required absent special circumstances. *See id.* (*citing Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) (on petition for rehearing)).

Lastly, Plaintiff alleges that the Report relies on a "middle ground" rationale to find that the ALJ's opinion is supported by substantial evidence. Docket No. 18 at 6. Plaintiff refers to a factual statement in the Report that the "ALJ's finding includes

3

limitations that are more severe than those opined by the State agency consultants, but less severe than the limitations assessed by Dr. Burnett and Dr. Rivers." Docket No. 15 at 19. There is no error in simply finding that the ALJ's determination is less limiting than some medical opinions and more limiting than others. *See Miller v. Kijakazi*, 2023 WL 234773, at 4 (5th Cir. 2023) (stating that an ALJ considers a list of factors articulated in 20 C.F.R. § 404.1520c to decide "what weight, if any, to give to a medical opinion."). Here, the ALJ's RFC finding is supported by substantial evidence and the ALJ applied the correct legal standards.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 15) as the opinion of the Court. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this case with prejudice.

So **ORDERED** and **SIGNED** this **16th** day of **March, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4